JOHN B. ALLEN ET AL.

v.

ANDREW N. ANDERSON.

LEASE—PARTNERS—APPORTIONMENT OF RENT.—Where a lease of a right to excavate certain coal beneath appellee's premises was made to a mining firm of which appellee was a member, and the premises were abandoned before the term was up and appellee sued for the rent. *Held*, that appellee's share in the firm is chargeable with its ratable proportion of the rent. If the company has in its possession money or other assets sufficient to pay the rent, appellee should be paid from that source; but if the company has no assets to pay the same, then each partner should contribute toward the same in proportion to his share in the firm. The decree of the court below is reversed, as it compels eleven of the partners to pay a larger sum than the evidence justifies.

APPEAL from the Circuit Court of Fulton county; the Hon. C. L. HIGBEE, Judge, presiding. Opinion filed September 21, 1883.

Mr. D. ABBOTT and Messrs. GRAY & WAGGONER, for appellants; that equity looks beyond the mere forms of the transaction to learn the facts and ascertain the intention of the parties, cited Dwen v. Blake, 44 Ill. 135; Hunter v. Hatch, 45 Ill. 178; Smith v. Doyle, 46 Ill. 451; Jeneson v. Jeneson, 66 Ill. 259; 2 Story on Eq. Jurisprudence, 677, §§ 1319, 1326.

Messrs. BARRERE & GRANT, for appellee; that when the language of a contract is unequivocal, although the parties may have failed to express their real intentions, there is no room for construction and the legal effect of the agreement must be enforced, cited Kimball v. Custer, 73 Ill. 389; Canterberry v. Miller, 76 Ill. 355; Walker v. Tucker, 70 Ill. 528; Benjamin v. McConnell, 4 Gilm. 536.

Oral evidence is inadmissible to change, vary or contradict a written contract: Lenter v. Millehan, 47 Ill. 181; Scanlan v. Keith, 102 Ill. 641; Merchants Ins. Co. v. Morrison, 62 Ill. 242.

When a contract is to do a thing which is possible in itself,

the promisor will be liable for a breach thereof notwithstanding it was beyond his power to perform it: Walker v. Tucker, 70 Ill. 543; Chitty on Contracts, 11 Am. ed. 1074; Morris v. Sweet, 3 Douglas (Eng.), 279; Townsend v. Board, etc., 63 Ill. 26.

McCulloch, P. J. It is alleged in the bill filed in this cause and admitted by the answer, that appellee and appellant were partners in the business of mining and selling coal, under the firm name of the Canton Coal Company. This company had written articles of association, which seem to have contemplated the mining of coal only upon the land of appellee; it also had an organization with officers and an executive committee, and had by-laws for its government very similar to a corporate body.

In furtherance of the objects of this firm, appellee executed and delivered to the company an instrument in writing and under seal, which was also signed in the firm name of the company by its chairman, with seal attached, whereby appellee, in consideration of the covenants and agreements to be kept and performed by the company, demised and leased to the company the right to excavate and mine stone coal beneath certain premises of appellee therein described, for a period of five years; in consideration of which leasing, the company agreed to pay, as rent for said premises, the sum of one fourth cent per bushel for each and every bushel of merchantable coal mined and taken out. The company further agreed to take out not less than one hundred and fifty thousand bushels of coal every year during said term, and in case of its failure to do so, then it should forfeit and pay to appellee royalty on that number of bushels; it being expressed in said instrument that the true intent thereof was that appellee should receive as rent for the privilege of mining coal beneath said premises, a minimum sum of $375 per year during said term, the rent to be paid on the last day of each month for the month preceding the day of payment.

At the time of the execution of this instrument, there was a mine already opened on the land mentioned in the lease,

which had been worked for some time by a company bearing another name, but composed, in part at least, of the members of the Canton Coal Company; but it was in contemplation to sink a shaft to a deeper vein, which was supposed to be a more profitable one for mining operations. When this lower vein was reached it was found to be incapable of being worked with profit, whereupon the company resolved to remove its machinery from these mines and to operate upon land other than that of appellee. Thereupon the company ceased paying appellee his rent, and for the recovery of so much thereof as had become due up to the time of the commencement of this suit, appellee filed his bill.

One ground urged for the non-payment of the rent is, that the consideration for the covenant to pay the same has wholly failed. To maintain this position appellants introduced evidence in the court below for the purpose of showing that the lease only contemplated the letting to the company of the privilege of working the lower vein, and *that* having failed and the company having abandoned it with appellee's consent, the rent necessarily ceased.

An attempt was made to show an entire abandonment of the premises, a surrender of the term by the company and an acceptance thereof by appellee. The evidence is very strong that appellee not only consented to but that he also actively participated in the removal of the machinery from his own mines, and the working of others not embraced in the lease. But upon these questions the court now considering the case expresses no opinion.

There is one point, however, upon which this decree must be reversed. The so called lease was made to a firm of which appellee was a member. His share in the firm is therefore chargeable with its ratable proportion of the rent. This may be worked out in one of two ways. If the company has in its possession money or other assets sufficient to pay the same it would be proper that appellee should be paid his rent from that source, or if the company has no assets to pay the same then each partner should contribute toward the same in proportion to his share in the firm and no more, thus leaving appellee to contribute his share by his not receiving it.

It appears from the pleadings and evidence that, including appellee, the firm consisted of thirteen members, but in rendering its decree the name of Theodore Bass was omitted and a decree was rendered by the court against the eleven other defendants, each for one twelfth of the sum found due to appellee. It might be inferred from the manner of signing the articles of copartnership that James H. Bass and Theodore Bass owned one share in common, but we have no satisfactory evidence of that fact. It follows, therefore, that each of the other partners has been adjudged to pay a larger sum than the evidence justifies.

Nor do we perceive any good reason, at present existing, why a personal decree should be rendered against the partners in severalty. We understand from the evidence that the firm is still doing business. It would seem proper, therefore, that appellee be paid his rent as a part of the operating expenses of the firm. For the error above indicated the decree of the circuit court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Decree reversed and remanded.